UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ORLANDO FACUNDO SAN MARTIN,

                        Plaintiff,

    v.

F & M SCARSDALE PIZZA CORP, *et al.*,

                        Defendants.

No. 22-CV-6346 (KMK)

OPINION & ORDER

---

Appearances:

Daniel Schlade, Esq.
Chicago, IL
*Counsel for Plaintiff*

F & M Scarsdale Pizza Corp
Mentor Krasniqi
*Pro se Defendants*

KENNETH M. KARAS, District Judge:

       Plaintiff Orlando Facundo San Martin ("Plaintiff") brought this Action against his former employers, F & M Scarsdale Pizza Corp and Mentor Krasniqi (together, "Defendants"), pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), § 190 *et seq.* (*See generally* Compl. (Dkt. No. 1).)  The Parties now seek approval of their proposed settlement (the "Settlement Agreement").  (*See* Mot. to Approve Settlement (Dkt. No. 12).)  For the reasons that follow, the Parties' request for approval of the Settlement Agreement is denied.

I. Background

Plaintiff worked for Defendants from approximately June 2020 to December 2021. (Mot. to Approve Settlement ¶ 8.) On July 26, 2022, Plaintiff filed a complaint against Defendants for failure to pay overtime wages, failure to issue accurate wage notices, and failure to furnish accurate wage statements in violation of the FLSA and NYLL. (*See generally* Compl. (Dkt. No. 1).) On October 28, 2022, the Parties submitted to the Court the instant motion for approval of the Settlement Agreement (the "Motion"). (Mot. to Approve Settlement (Dkt. No. 12).)[1]

II. Discussion

A. Standard of Review

Under Fed. R. Civ. P. 41(a)(1)(A), a plaintiff's ability to dismiss an action without a court order is made "[s]ubject to . . . any applicable federal statute." "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." *See* Fed. R. Civ. P. 41(a)(2). The Second Circuit has confirmed that the FLSA is an "applicable federal statute," such that "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). Consequently, "the [P]arties must satisfy the Court that their agreement is 'fair and reasonable.'" *Penafiel v. Rincon Ecuatoriano, Inc.*, No. 15-CV-112, 2015 WL 7736551, at *1 (S.D.N.Y. Nov. 30, 2015) (citation omitted); *see also Briggs v. DPV Transportation, Inc.*, No. 21-CV-6738, 2021 WL 6111917, at *2 (S.D.N.Y. Dec. 27, 2021) (same); *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015) (same).

---

[1] Plaintiff asserts that Defendants retained counsel to represent them in all settlement talks, but that counsel did not file a formal appearance after Defendants were served with process. (Mot. to Approve Settlement ¶ 2.)

2

When assessing a proposed settlement for fairness, there is generally "a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (citation and quotation marks omitted); *see also Matheis v. NYPS, LLC*, No. 13-CV-6682, 2016 WL 519089, at *1 (S.D.N.Y. Feb. 4, 2016) (same); *Souza v. 65 St. Marks Bistro*, No. 15-CV-327, 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (same); *Martinez v. Hilton Hotels Corp.*, No. 10-CV-7688, 2013 WL 4427917, at *1 (S.D.N.Y. Aug. 20, 2013) (same).

As a number of courts have recognized, although a court should consider the totality of the circumstances, the most significant factors include:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Zamora v. One Fifty Fifty Seven Corp.*, No. 14-CV-8043, 2016 WL 1366653, at *1 (S.D.N.Y. Apr. 1, 2016) (citation omitted); *see also Garcia v. Jambox, Inc.*, No. 14-CV-3504, 2015 WL 2359502, at *2 (S.D.N.Y. Apr. 27, 2015) (same); *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (same).  Conversely, factors which weigh against finding a settlement fair and reasonable include:

> (1) the presence of other employees situated similarly to the claimant; (2) a likelihood that the claimant's circumstance will recur; (3) a history of FLSA non-compliance by the same employer or others in the same industry or geographic region; and (4) the desirability of a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.

*Wolinsky*, 900 F. Supp. 2d at 336 (citation and quotation marks omitted); *see also Villalva-Estrada v. SXB Rest. Corp.*, No. 14-CV-10011, 2016 WL 1275663, at *2 (S.D.N.Y. Mar. 31, 2016) (same); *Jambox*, 2015 WL 2359502, at *2 (same); *Camacho v. Ess-A-Bagel, Inc.*, No. 14-CV-2592, 2014 WL 6985633, at *2 (S.D.N.Y. Dec. 11, 2014) (same).

Making this determination "is thus an information intensive undertaking," *Camacho*, 2014 WL 6985633, at *2, and "the [P]arties must provide the [C]ourt with enough information to evaluate the bona fides of the dispute," *Gaspar v. Pers. Touch Moving, Inc.*, No. 13-CV-8187, 2015 WL 7871036, at *1 (S.D.N.Y. Dec. 3, 2015) (citation and quotation marks omitted).[2] To this end, courts require information surrounding

> the nature of [the] plaintiffs' claims, . . . the litigation and negotiation process, the employers' potential exposure . . . to [the] plaintiffs . . . , the bases of estimates of [the] plaintiffs' maximum possible recovery, the probability of [the] plaintiffs' success on the merits, and evidence supporting any requested fee award.

*Id.* (quotation marks omitted) (quoting *Nights of Cabiria*, 96 F. Supp. 3d at 176).

B. Analysis

1. Whether Settlement Amount is Fair and Reasonable

Under the Settlement Agreement, Defendants agreed to pay $8,000 to resolve Plaintiff's claims. (Mot. to Approve Settlement ¶ 2.) Of the settlement amount, $3,200 is allocated to Plaintiff's counsel for attorney's fees and $636 for costs incurred for filing the lawsuit and effectuating service of process. (*Id.* ¶ 9.) Thus, Plaintiff's net settlement—after the deduction of

---

[2] This approach is consistent with the requirement that "FLSA settlements . . . not be confidential," in part because "[s]ealing FLSA settlements from public scrutiny could thwart the public's independent interest in assuring that employees' wages are fair." *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 177–78 (S.D.N.Y. 2015) (alteration in original) (citation omitted).

4

attorney fees and costs—is $4,164.[3] Plaintiff's attorney posits that during settlement negotiations, timecards and payroll records were produced showing that Defendants had paid Plaintiff time and a half overtime wages in compliance with the FLSA and that, accordingly, this case and the resulting settlement was focused on obtaining relief under the New York Wage Theft Prevention Action. (*Id.* ¶ 7.) "Plaintiff considers the settlement amount of $8,000 to be a very favorable recovery in light of the time records tendered by Defendant showing payment of time-and-a-half wages . . . especially in light of the fact that the evidence would likely negate his claim." (*Id.* ¶ 8.) While courts certainly consider a plaintiff's likelihood of prevailing in litigation and approve settlements amounts accordingly, it is standard for parties to provide an estimate of the maximum possible recovery. *See, e.g., Diaz v. Rockland Gardens Assocs.,* No. 22-CV-3281, 2023 WL 1517888, at *3 (S.D.N.Y. Feb. 3, 2023) (approving a net recovery of 31% when "Plaintiff faces significant litigation risk because Defendant asserts that it has a number of witnesses, including managers, tenants, and contractors, who would testify that Plaintiff did not work the hours that he claims"); *Rodriguez-Hernandez v. K Bread & Co.*, No. 15-CV-6848, 2017 WL 2266874, at *4 (S.D.N.Y. May 23, 2017) (approving settlement sum representing 26% of potential damages where there were "various bona fide disputes between the parties," including "whether the evidence would support a claim" (quotation marks omitted)); *Beckert v. Ronirubinov*, No. 15-CV-1951, 2015 WL 8773460, at *2 (S.D.N.Y. Dec. 14, 2015) (approving award of approximately 25% of maximum recovery where the plaintiff faced risks from "lack of documentation and conflicting witness support" (citation and quotation

---

[3] Courts evaluate the fairness of a plaintiff's recovery after deducting attorney fees and costs. *See Arango v. Scotts Co., LLC*, No. 17-CV-7174, 2020 WL 5898956, at *3 (S.D.N.Y. Oct. 5, 2020); *Zorn-Hill v. A2B Taxi LLC*, Nos. 19-CV-1058, 18-CV-11165, 2020 WL 5578357, at *4 (S.D.N.Y. Sept. 17, 2020); *Garcia v. Cloister Apt Corp.*, No. 16-CV-5542, 2019 WL 1382298, at *2 (S.D.N.Y. Mar. 27, 2019).

marks omitted)). Here, the Parties provide no estimate of Plaintiff's maximum recovery or records substantiating the notion that Plaintiff's recovery under the FLSA would be minimal. "In the absence of such information, the Court cannot discharge its duty to ensure that the proposed settlement is fair and reasonable." *Nights of Cabiria, LLC,* 96 F. Supp. 3d at 176–77. It may be that the proposed settlement would merit approval in light of a more complete record. As it stands, however, the current submission is inadequate.

### 2. Good Faith

The Court is satisfied that the Settlement Agreement was negotiated competently, in good faith, at arm's length, and that there was no fraud or collusion. The Parties have represented as such in their Motion, and Plaintiff's counsel has over 20 years of experience in labor and employment law. (*See* Mot. to Approve Settlement ¶ 6 (noting that all Parties were "represented by counsel highly experienced in this field").)

### 3. Similarly Situated Plaintiffs

The Court is not aware of other employees who are similarly situated to Plaintiff, and Plaintiff will be the only employee affected by the settlement and dismissal of the lawsuit. These facts weigh in factor of approval of the Settlement Agreement. *See, e.g.*, *Cronk v. Hudson Valley Roofing & Sheetmetal, Inc.*, 538 F. Supp. 3d 310, 324 (S.D.N.Y. 2021) (noting that no other employee came forward and that the plaintiff "will . . . be the only employee affected by the settlement and dismissal," and that these facts supported approval of the proposed settlement).

### 4. Release Provision

"[T]he FLSA is a uniquely protective statute," *Cheeks*, 796 F.3d at 207, and courts will not approve settlement agreements that contain overly broad release provisions that would "waive practically any possible claim against the defendants, including unknown claims and

claims that have no relationship whatsoever to wage-and-hour issues," *id*. at 206 (quotation marks omitted) (quoting *Nights of Cabiria*, 96 F. Supp. 3d at 181); *see also Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259, 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015) ("If the parties wish to obtain approval of their settlement, any release provision must be limited to the claims at issue in this action."); *Gonzales v. Lovin Oven Catering of Suffolk, Inc.*, No. 14-CV-2824, 2015 WL 6550560, at *3 (E.D.N.Y. Oct. 28, 2015) (rejecting a settlement agreement where "the parties' release language . . . include[d] 'actions and/or claims against the [d]efendants, known or unknown, which [the plaintiff] may have as of the date of this [a]greement including but not limited to any alleged violation of any federal, state or local law, regulation, rule or ordinance which relates in any way to [the] [d]efendants' payment of wages to [the] [p]laintiff during [the] [p]laintiff's employment with [the] [d]efendants'"); *Flood v. Carlson Rests. Inc.*, No. 14-CV-2740, 2015 WL 4111668, at *2 (S.D.N.Y. July 6, 2015) (rejecting a settlement agreement that, in effect, "waive[d] any possible claims against [the] [d]efendants—including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues"). To that end, releases must generally be limited to wage and hour issues, *see Cheeks*, 796 F.3d at 206, and "may include claims not presented and even those which could not have been presented, but only when the released conduct arises out of the identical factual predicate as the settled conduct," *Nights of Cabiria*, 96 F. Supp. 3d at 181 (citation and quotation marks omitted).

Here, the Settlement Agreement release provides in relevant part that:

> ORLANDO FACUNDO SAN MARTIN, is over 18 years of age, as RELEASOR, in consideration of the sum of EIGHT THOUSAND DOLLARS ($8,000.00) and other valuable consideration received from F&M SCARSDALE PIZZA CORP. and MENTOR KRASNIQL as RELEASEES, receipt of which is hereby acknowledged, releases and discharges. F&M SCARSDALE PIZZA CORP. and MENTOR KRASNIQI, and any parent, subsidiary, sister or other related company,

7

>agent, employee or assigns (RELEASEES), the RELEASEES' heirs, executors. administrators, successors, and assigns, agents, employees and/or representatives, from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contacts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands, or any other alleged liability, or any other whatsoever, in law, admiralty or equity, which against the RELEASEES, including, but not limited to RELEASOR, RELEASOR'S heirs, executors, administrators, successors and assigns ever had, now have or hereafter can, shall or may (have, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE.

(Mot. to Approve Settlement Ex. 1, at 1.)

These provisions are "too sweeping to be 'fair and reasonable' and so must be rejected." *Flood,* 2015 WL 4111668, at *2. Where the provisions of a general release "waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues[,] [c]ourts typically reject such broad releases." *Nights of Cabiria, LLC*, 96 F. Supp. 3d at 181; *accord Jambox*, 2015 WL 2359502, at *4 ("This release is not 'fair and reasonable' because it encompasses far too broad a range of possible claims."); *cf. Pucciarelli v. Lakeview Cars, Inc.,* No. 16-CV-4751, 2017 WL 2778029, at *4 (E.D.N.Y. June 26, 2017) ("[W]hile broad, the terms of the release . . . relate[ ] specifically to wage and hour issues without encompassing, for example, prospective discrimination claims."). "In the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Camacho*, 2014 WL 6985633, at * 4. If the Parties wish to obtain approval of their settlement, any release provision must be limited to the claims at issue in this action.

8

5.  Attorney's Fees

Under both the FLSA and NYLL, a successful plaintiff—including one who settles—is entitled to attorney fees. *See Lizondro-Garcia v. Kefi LLC*, No. 12-CV-1906, 2015 WL 4006896, at *2 (S.D.N.Y. July 1, 2015) (citing, inter alia, 29 U.S.C. § 216(b), N.Y Lab. Law § 663(1)). Although courts may elect to award fees by considering either the lodestar method—the reasonable hourly rate of the attorney multiplied by the number of hours reasonably expended—or the percentage method—a percentage of the total amount recovered by the plaintiffs—"[t]he trend in [the Second] Circuit is toward the percentage method." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005). But even where attorney's fees are sought pursuant to the percentage of the fund method, "counsel must submit evidence providing a factual basis for the award." *Wolinsky*, 900 F. Supp. 2d at 336; *see also Guareno v. Vincent Perito, Inc.*, No. 14-CV-1635, 2014 WL 4953746, at *2 (S.D.N.Y. Sept. 26, 2014) ("Counsel must provide a factual basis for a fee award, typically with contemporaneous time records."). A proper fee request thus includes "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Nights of Cabiria*, 96 F. Supp. 3d at 181. The Court must also determine the reasonableness of the hourly rate by considering the "prevailing market rate for lawyers in the district in which the ruling court sits." *Anthony v. Franklin First Fin., Ltd.*, 844 F. Supp. 2d 504, 507 (S.D.N.Y. 2012).

Here, Plaintiff's counsel seeks an award of $3,200 which represents 40% of the total award, which Plaintiff's counsel represents is the percentage agreed upon in Plaintiff's Retainer Agreement. (Mot. to Approve Settlement ¶¶ 9–10.) Plaintiff's counsel has attached records detailing the billable hours counsel undertook as part of this settlement, totaling $3,580 at $400 an hour. (Mot. to Approve Settlement Ex. 2.)

9

"Except in extraordinary cases, courts in this District have declined to award fees representing more than one-third of the total settlement amount." *Run Guo Zhang v. Lin Kumo Japanese Rest. Inc.*, No. 13-CV-6667, 2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015); *see also Alt v. Soc. Impact 360, Inc.*, No. 20-CV-4478, 2020 WL 8509845, at *1 (S.D.N.Y. Dec. 2, 2020) ("Courts in this District routinely award one third of a settlement fund, net of costs, as a reasonable attorney's fee in FLSA cases."); *Aguirre v. Torino Pizza, Inc.*, No. 18-CV-2004, 2019 WL 126059, at *4 (S.D.N.Y. Jan. 8, 2019) ("Courts routinely award attorneys in FLSA settlements one-third of the total recovery in fees."); *Thornhill v. CVS Pharmacy, Inc.*, No. 13-CV-5507, 2014 WL 1100135, at *3 (S.D.N.Y. Mar. 20, 2014) (noting that courts in the Second Circuit "typically approve attorney's fees that range between 30 and 33" percent in FLSA cases).

This case is not "extraordinary." *Run Guo Zhang*, 2015 WL 5122530, at *4.  It involves only one plaintiff and a settlement was reached before the Parties engaged in any motion practice.  Accordingly, the Court holds that a 40% attorney's fee in this case is unreasonable. *See Sloben v. SDI Int'l Corp.,* No. 20-CV-04717, 2021 WL 3617386, at *1 (S.D.N.Y. July 22, 2021) ("Under the proposed settlement agreement, however, Plaintiff's counsel would receive $70,000, or 40% of the total settlement amount, plus expenses of $2,712.67. . . . Consistent with the prevailing view in this District, the Court finds that this proposed allocation of attorney's fees is unreasonable."); *Mobley v. Five Gems Mgmt. Corp.*, No. 17-CV-9448, 2018 WL 1684343, at *5 (S.D.N.Y. Apr. 6, 2018) (holding case did not present any extraordinary circumstances and attorney's fees award of 40% was thus unreasonable when case was "relatively straightforward[,]" "the parties elected not to litigate[,] . . . and instead focus their time and efforts on securing a

settlement agreement[,]" the "case did not involve motion practice or court conferences, and [d]efendants have yet to file a responsive pleading"); *Martinez v. Gulluoglu LLC*, No. 15-CV-2727, 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (rejecting proposed settlement agreement when attorney's fees represented 36% of the total settlement amount because "this case is relatively straightforward and has not progressed beyond the preliminary stage of discovery, [and therefore] the Court will not approve a provision for attorneys' fees exceeding 33% of the total settlement value").

### III. Conclusion

For the foregoing reasons, the Parties' request for approval of their Settlement Agreement is denied. The clerk of the court is respectfully directed to terminate the pending motion (Dkt. No. 12).

SO ORDERED.

DATED:   September 20, 2023
         White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE