UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

ORLANDO FACUNDO SAN MARTIN,

                    Plaintiff,

   -against-

F & M SCARSDALE PIZZA CORP and
MENTOR KRASNIQI, *et seq.*,

                    Defendants.
------------------------------------------------------------x

**ORDER**

22 Civ. 6346 (JCM)

       Plaintiff Orlando Facundo San Martin ("Plaintiff") commenced this action against F & M Scarsdale Pizza Corp. and Mentor Krasniqi ("Defendants") alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the New York Labor Law ("NYLL"), § 190, *et seq.* (Docket No. 1). The parties have submitted a second revised General Release and Settlement Agreement ("Second Revised Agreement") for the Court's review, accompanied by a joint letter in support of the Second Revised Agreement. (Docket No. 27).

       Previously, on October 28, 2022, the parties submitted a motion for approval of a settlement agreement, which included an Affidavit of Attorney's fees, as well as a General Release ("Motion"). (Docket No. 12). On September 20, 2023, the Honorable Kenneth M. Karas denied the Motion on several grounds: (1) the parties did not provide an "estimate of Plaintiff's maximum recovery or records substantiating the notion that Plaintiff's recovery under the FLSA would be minimal," (Docket No. 16 at 6); (2) the release was not narrowly tailored to the claims at issue in this action, (Docket No. 16 at 8); and (3) the requested 40% attorney's fees in this case was unreasonable, (Docket No. 16 at 10). On November 17, 2023, the parties consented to the

1

jurisdiction of the undersigned over this matter for all purposes pursuant to 28 U.S.C. § 636(c). (Docket No. 18).

Thereafter, the Court held a Telephone Conference on November 29, 2023, during which the parties were directed to submit a supplemental application addressing all the deficiencies set forth in Judge Karas' September 20, 2023 Order, including a fully executed revised settlement agreement. On December 19, 2023, the parties submitted a second motion for approval of the revised Settlement Agreement and General Release ("Revised Agreement"), in which all the deficiencies identified in Judge Karas' September 20, 2023 Order had been remedied. (Docket No. 20). Nevertheless, during a Telephone Conference on January 5, 2024, the Court informed the parties that it had reviewed the supplemental submission and the Revised Agreement, but it could not approve the Revised Agreement because it was not signed by the Defendants, and it included a non-disclosure provision. "Such a provision runs afoul of the purposes of the FLSA and the public's independent interest in assuring that employees' wages are fair." *Alvarez v. Schnipper Restaurants LLC,* 16 Civ. 5779 (ER), 2019 WL 5682633, at * 4 (S.D.N.Y. Nov. 1, 2019) (internal quotations omitted). On February 16, 2024, the parties submitted their Second Revised Agreement for the Court's review and approval. (Docket No. 27). The Second Revised Agreement does not include a non-disclosure provision and is signed by all the parties.

"In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel';

and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citations omitted). "The ultimate question is whether the proposed settlement reflects a fair and reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Id.* (internal quotations omitted).

Here, the parties engaged in early settlement discussions and focused on resolving the matter before extensive discovery was conducted. "There is much to be admired in this approach, which conserves both attorney time and judicial resources." *Plizga v. Little Poland Rest. Inc.*, No. 15-cv-08820(LAK)(BCM), 2016 WL 9307474, at *5 (S.D.N.Y. July 18, 2016). Furthermore, based on my review of the record in this case, as well as the Second Revised Agreement, I find the terms of the Second Revised Agreement, including the approval of Plaintiff's counsel's fees in the amount of 33.3%, are a fair and reasonable resolution of the case. *See Johnson v. Brennan*, No. 10 Civ. 4712(CM), 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.") (citations omitted). Accordingly, the Court approves the Second Revised Agreement and dismisses the matter with prejudice.

The Clerk is respectfully requested to terminate the pending motion (Docket No. 27) and close the case.

Dated: February 20, 2024
       White Plains, New York

                                                            **SO ORDERED:**

                                                            JUDITH C. McCARTHY
                                                            United States Magistrate Judge